John K. Bennett, Esq. (Bar ID #024201980)
Kelly R. Anderson, Esq. (Bar ID #116182014)
JACKSON LEWIS P.C.
200 Connell Drive, Suite 2000
Berkeley Heights, NJ 07922
(908) 795-5200
Attorneys for Defendants Hilltop Securities Inc.
and Brad Winges

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LISA PALMERI, | : |
| | : Civil Action No. |
| Plaintiff, | : |
| | : |
| v. | : **NOTICE AND PETITION FOR** |
| | : **REMOVAL FROM THE SUPERIOR** |
| HILLTOP SECURITIES, INC., HILLTOP | : **COURT OF NEW JERSEY, LAW** |
| HOLDINGS and BRAD WINGES, | : **DIVISION, MONMOUTH COUNTY** |
| | : |
| Defendants. | : |

TO:    William T. Walsh, Clerk of Court
       United States District Court for the District of New Jersey
       Clarkson S. Fisher Building & U.S. Courthouse
       402 East State Street, Room 2020
       Trenton, NJ 08608

       Donna H. Clancy, Esq.
       THE CLANCY LAW FIRM, P.C.
       40 Wall Street, 61st Floor
       New York, NY 10005

Pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446, Defendants Hilltop Securities Inc.

("HTS") and Brad Winges respectfully submit this Notice and Petition for Removal of this action

from the Superior Court of New Jersey, Law Division, Monmouth County, bearing Docket No.

MON-L-002272-22, and state as follows as grounds for removal:

1.    Plaintiff, Lisa Palmeri, filed a civil action against Defendants in Superior

Court of New Jersey, Law Division, Monmouth County, captioned as Lisa Palmeri v. Hilltop

Securities, Inc., et al., Docket No. MON-L-002272-22, on August 17, 2022. A true and correct copy of the Complaint in that action is attached hereto as Exhibit A.

2. Defendants HTS and Brad Winges were served with a copy of the Summons and Complaint on August 29, 2022 and August 19, 2022, respectively. The Summons and Complaint were the initial pleadings received by Defendants setting forth the claims upon which Plaintiff's action is based.

3. This notice and petition is timely filed within the provisions of 28 U.S.C. § 1446, as Defendants have effected removal within thirty (30) days of their receipt of the initial pleading setting forth the claims for relief upon which the Complaint is based. See 28 U.S.C. § 1446.

4. No proceedings have taken place in the state court action. Defendants have not served an answer or responsive pleading to Plaintiff's Complaint or made any appearance before the Superior Court of New Jersey.

5. This action is removable to this Court based on this Court's diversity-of-citizenship jurisdiction pursuant to 28 U.S.C. § 1332, as it involves a controversy between citizens of different states:

  a. Plaintiff is, and has been, both upon the filing of her Complaint on August 17, 2022, and at the time of filing of this removal petition, a resident of the State of New Jersey (See Exhibit A at ¶ 6).

  b. Defendant Hilltop Securities Inc. ("HTS"), both upon the filing of Plaintiff's Complaint on August 17, 2022, and at the time of filing of this removal petition, is incorporated in the State of Delaware with its principal

2

place of business located at 717 N. Harwood Street, Suite 3400, Dallas, Texas.

c. Individual Defendant Brad Winges is, and has been, both upon the filing of Plaintiff's Complaint on August 17, 2022, and at the time of filing of this removal petition, a resident of the State of Texas (See Exhibit A at ¶ 12).

d. Hilltop Holdings Inc. ("HTH"), an incorrectly named entity, is incorporated in the State of Maryland with its principal place of business located at 6565 Hillcrest Avenue, Dallas, Texas. HTH consents to removal of this action, without waiving any objection to improper service or improper joinder in this action.

6. In her Complaint, Plaintiff asserts the following claims: disparate treatment based on gender in violation of the New Jersey Law Against Discrimination ("LAD"), N.J.S.A., 10:5-1 *et seq.*; hostile work environment based on sex pursuant to the LAD; disparate treatment based on age under the LAD; hostile work environment based on age under the LAD; retaliation and wrongful termination under the LAD; aiding and abetting under the LAD; retaliation pursuant to the Conscientious Employee Protection Act ("CEPA"), N.J.S.A. § 34:19-1 *et seq.*; violation of the New Jersey Equal Pay Act, N.J.S.A. § 34:11-56.3; and failure to pay commissions pursuant to § 34:11-4.7 and § 34:11-4.8. While not specifically enumerated in Plaintiff's Complaint, the amount in controversy appears to contemplate an amount exceeding the sum of $75,000. Plaintiff's claim for lost wages alone suggests a sum above $75,000, given that Plaintiff was paid over one million dollars per year and, upon information, Plaintiff has not yet secured new employment.

7. Plaintiff seeks to recover, *inter alia*, compensatory damages, other economic damages, emotional distress damages, liquidated damages, punitive damages, interest,

3

attorneys' fees, costs, and disbursements, and other relief that the Court may deem just and proper (See Exhibit A at Prayer for Relief).

8.      Given the relief that Plaintiff requests in her Complaint, the amount in controversy appears to exceed the jurisdictional threshold set by 28 U.S.C. § 1332.

9.      As complete diversity exists between Plaintiff and the Defendants, and the amount in controversy is in excess of $75,000, this Court has original jurisdiction over Plaintiff's claims by virtue of diversity of citizenship and satisfaction of the amount in controversy requirements of 28 U.S.C. § 1332. Accordingly, this action is properly removable to federal court pursuant to 28 U.S.C. §§ 1332(a) and 1441.

10.      Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a).

11.      Defendants file this Notice of Removal without waiving any defense to Plaintiff's claims or conceding that Plaintiff has pled claims upon which relief can be granted.

12.      Pursuant to 28 U.S.C. § 1446(d), Defendants have given written notice of the removal of this action to all adverse parties and have filed a copy of this notice with the Clerk of the Superior Court of New Jersey, Law Division, Monmouth County.

WHEREFORE, Defendants respectfully request that this action be removed to this Court from the Superior Court of New Jersey, Law Division, Monmouth County.

Respectfully submitted,

JACKSON LEWIS P.C.

By:_____
John K. Bennett
Kelly R. Anderson
Attorneys for Defendants

Dated: September 16, 2022

4860-9011-8704, v 1

4

# EXHIBIT A

THE CLANCY LAW FIRM, P.C.
Donna H. Clancy, Esq. 041531990
40 Wall Street, 61st Floor
New York, New York 10005
(212) 747-1744
*Attorneys for Plaintiff*

---------------------------------------------------------X

| | |
|---|---|
| LISA PALMERI, | : SUPERIOR COURT OF NEW JERSEY |
| | : LAW DIVISION – CIVIL PART |
| | : MONMOUTH COUNTY |
| | : |
| | : |
| *Plaintiff,* | : |
| | : DOCKET NO.: |
| vs. | : CIVIL ACTION |
| | : |
| HILLTOP SECURITIES, INC., | : |
| HILLTOP HOLDINGS and | : |
| BRAD WINGES, | : |
| | : **VERIFIED COMPLAINT** |
| *Defendants.* | : |

---------------------------------------------------------X

Plaintiff LISA PALMERI, by way of complaint, states:

## INTRODUCTION

1.     Plaintiff Lisa Palmeri, a 53-year-old female former Managing Director of Defendant, Hilltop Securities, Inc. and Defendant Hilltop Holdings, (collectively "Hilltop"), brings this action to remedy sex and age discrimination, harassment, failure to pay commissions, hostile work environment and retaliation for engaging in protected activity in violation of the New Jersey Law Against Discrimination, New Jersey Equal Pay Act and the Conscientious Employee Protection Act arising during her employment with Hilltop and an individual claim against Hilltop's Chief Executive Officer ("CEO Winges") Brad Winges for aiding and abetting in discrimination and harassment based on Plaintiff's sex and age.

1

2.    Hilltop is a $2.5 billion municipal investment bank who claims to act with the very highest moral and ethical standards[1]. However, contrary to Hilltop's policies, and in violation of New Jersey State statutes, CEO Brad Winges ("Winges"), replaced Ms. Palmeri, who had been a loyal Hilltop employee with nearly 30 years of service with an impeccable career, having earned the Company over $270 million and having her best year in earnings for Hilltop, with a significantly younger, less experienced and less qualified male. Hilltop knew CEO Winges engaged in a pattern and practice of discriminating against female employees, yet failed and/or refused to protect their long-term employee, Ms. Palmeri. Instead, Hilltop permitted CEO Winges to make sexist, highly inappropriate and unwarranted comments to Ms. Palmeri, while defaming her reputation and threatening her livelihood, and attempted to bully her into training her younger male replacement and terminate her. Ms. Palmeri complained to Human Resources and Executive Management about the mistreatment, all to no avail. Ms. Palmeri was compelled to resign under such intolerable conditions from her employment because of CEO Winges' imposition of such adverse terms and conditions of her employment.

**NATURE OF THE ACTION**

3.    This is an action for money damages to remedy discrimination on the basis of sex and age, for equal terms, conditions and privileges of employment, including compensation under the New Jersey Law Against Discrimination, N.J.S.A 10:5-12 ("NJLAD") and the New Jersey Equal Pay Act, N.J.S.A. 34:11-56.13.

---

[1] https://www.hilltop-holdings.com/

2

4.    This action is also brought to prosecute Plaintiff's right to be free from retaliation under the Conscientious Protection Act, N.J.S.A34:19-1 *et seq.* ("CEPA") for complaining about her discriminatory mistreatment and failure to pay proper commissions in accordance with the terms and conditions of her employment.

## JURISDICTION

5.    A substantial part of the acts giving rise to this action were committed in the State of New Jersey and County of Monmouth and venue is properly lodged in this Court.

## PARTIES

6.    Plaintiff, Ms. Palmeri, age 53, is a female with a dual residence in Ocean County, State of New Jersey and in Lee County, State of Florida.

7.    At all relevant times, Defendant, Hilltop Securities, Inc. was and is a 2.5 billion municipal investment bank corporation duly organized and existing under and by virtue of the laws of the State of New Jersey.

8.    At all relevant times, Defendant, Hilltop Securities was and is a corporation duly licensed to do business, and transacting business, in the State of New Jersey.

9.    At all relevant times, Defendant, Hilltop Holdings was and is a corporation duly licensed to do business, and transacting business, in the State of New Jersey.

10.    At all relevant times, Defendant, Hilltop Securities has a principal place of business at 90 Matawan Road, Suite 303, Matawan, New Jersey 07747.

11.    Defendant, Hilltop Holdings has its principal place of business at 717 N. Harwood Street, Dallas, Texas 76201.

3

12. Upon information and belief, Defendant Brad Winges (referred to herein as "Winges") resides in the State of Texas.

13. As of September 30, 2015, Defendant Hilltop employed approximately 5,400 employees and operated approximately 425 locations in 44 states.

14. Defendant, Hilltop Holdings is a publicly traded company, having its common stock listed on the New York Stock Exchange under the symbol "HTH."

15. At all relevant times, Defendant WINGES is and/or was employed by Defendant Hilltop Securities as CEO.

## FACTS COMMON TO ALL COUNTS

16. At all relevant times, Defendants, Hilltop promulgated, drafted and approved their Human Resources ("HR") policies, including, without limitation, their anti-discrimination, hiring, promotion, compensation, retaliation, internal controls, discipline and termination policies.

17. At all relevant times, Defendants, Hilltop purportedly monitored the effectiveness of their HR policies, were required to provide training and mandatory yearly testing to protect their employees against discrimination for <u>all</u> employees including and without limitation, their Executive Management and Chief Officers and approved the hiring, discipline and/or termination of its employees for violations of its policies.

18. At all relevant times, all employees were required to follow Defendants Hilltop's employment policies and procedures.

19. At all relevant times, Defendants, Hilltop had the ultimate right to approve

4

the hiring, compensation, promoting, discipline and/or dismissal of their employees.

20. At all relevant times, Defendant, Winges was Plaintiff's supervisor.

21. At all relevant times, Defendant, Winges acted in his official, managerial, and/or executive capacity for the Defendants Hilltop, and in his individual capacity.

22. At all relevant times, Defendant, Winges acted as the agent and representative of Defendants, Hilltop in the course and scope of his employment and in an apparent or actual official, managerial, executive or agency relationship. The scope of Defendant, Winges' employment, included supervising employees and in particular, Plaintiff.

23. At all relevant times, each and every act or failure to act of each Defendant and/or individual named was ratified by Defendants' Hilltop.

24. At all relevant times, Defendants Hilltop, was and is an "employer" as defined in the New Jersey Equal Pay Act, N.J.S.A 34:11-56.3; the New Jersey Law Against Discrimination, N.J.S.A. 10:5-5 (a) and (e) and the and the Conscientious Employee Protection Act N.J.S.A. 34. 11-56.13. As such, Defendants Hilltop, are subject to the requirements of the New Jersey Equal Pay Act (N.J.S.A. 34:11-56.3), the New Jersey Law Against Discrimination (N.J.S.A 10:5-1 *et seq.*) and the Conscientious Employee Protection Act N.J.S.A. 34. 11-56.13.

## PLAINTIFF PALMERI

25. Plaintiff, Ms. Palmeri is a licensed securities broker who has worked in the securities industry for her entire career.

26. From 1993 to September 17, 2021, Defendants Hilltop employed Ms.

5

Palmeri[2].

27.   Ms. Palmeri's credentials, extensive professional experience (three decades) in the securities industry and particularly, in stock loans, and employment history of working for Defendants Hilltop for nearly thirty years rendered her exceptionally qualified for the positions she held at Defendant Hilltop.

28.   Throughout the course of her employment and as Managing Director, Ms. Palmeri ran a profitable stock loan division, managed about 70 accounts and supervised approximately ten employees at Hilltop's New Jersey stock loan division in Matawan, New Jersey.

29.   Under her effective supervision and high-income producing accounts, Ms. Palmeri earned Hilltop on average $9m annually.

30.   Ms. Palmeri never had a performance issue, her U4[3] was impeccable, and there were never any disclosures or customer complaints on her licensing.

31.   During the 2008 stock market crash, Ms. Palmeri achieved a record-breaking year of $30m for her stock loan division.

32.   In January 2015, Plaintiff PALMERI was promoted to the position of Managing Director of Hilltop's stock loan department under former CEO Hill A. Feinberg.

33.   At all relevant times, Plaintiff received a salary and non-discretionary commission based on her stock loan division's performance paid out quarterly.

---

[2] Hilltop Holdings purchased First South West and Southwest Securities and merged them into Hilltop Securities on January 25, 2016.
[3] The U4 Form Uniform Application for Securities Industry Registration is used to establish that registration.

6

34.    Throughout the years, Plaintiff performed exceptionally well and earned on average seven figures annual compensation.

35.    In January 2020, Defendant Winges replaced former CEO Hill and became Plaintiff's supervisor.

36.    Shortly thereafter, CEO Winges altered Plaintiff's commission payout by retaining half of her earned commissions and paying them semi-annually.

37.    CEO Winges advised Plaintiff that he intended to alter her commission payout to an annual basis in 2021.

38.    Upon information and belief, CEO Winges imposed such adverse terms on only Ms. Palmeri and one other employee in stock loan.

39.    Plaintiff complained about CEO Winges' unilateral alteration of material terms of Plaintiff's commissions, which typically amounted to three times her salary, and his complete disregard of her and her team to Lana Calton, Head of Clearing and to Anton Berends, Head of Stock Loan.

40.    Shortly after Plaintiff's complaints, Winges invited Ms. Palmeri to dinner with Ms. Carlton to Smith & Wolensky, steakhouse in Midtown Manhattan on August 18, 2021.

41.    On or about August 10, 2022, Plaintiff received an email from Hilltop's HR that Hilltop was offering a $10,000 referral fee to its employees that referred a registered securities personnel for hire at Hilltop in the stock loan division. The job description for the stock loan hire fit Plaintiff's job description.

42.    Upon receipt of this email, Plaintiff called Ms. Calton to inquire why, as

7

Managing Director, she was not consulted regarding Hilltop's hiring of a stock loan new employee.

43.   On August 18, 2021, at the outset of this meeting, CEO Winges attacked Ms. Palmeri's performance, criticizing her for not being a "good manager" and for not "growing the business."

44.   However, Ms. Palmeri's stock loan Profit & Loss ("P&L") was at its maximum allocation to meet Hilltop's current licensing capital requirements, which meant Plaintiff could not increase her stock loan business by offering stock loan services to new customers without an influx of capital.

45.   Ms. Palmeri was up 62% from 2020 at mid-year 2021 despite operating a P&L that was fully extended to Hilltop's existing clients.

46.   CEO Winges informed Ms. Palmeri that he was replacing her and according to Ms. Calton, with a less qualified, younger male.

47.   CEO Winges demanded Ms. Palmeri train her younger, male replacement to perform her job through 2022 and then separate her from her employment. Winges also demanded Ms. Palmeri return from Florida to work full-time in the New Jersey office.[4]

48.   During the August 18, 2021 meeting, Ms. Palmeri expressed her shock and asked Winges if he was "packaging [her] out?" CEO Winges responded, "No, I paid you well enough…that's your severance."

49.   During the August 18, 2021 meeting, CEO Winges threatened marking Ms.

---

[4] Because of COVID-19, Ms. Palmeri, along with similarly situated employees, was working part-time remotely.

Palmeri's U4 on the purported basis that she did not ensure that all of the stock loan personnel had their licensing.

50.  CEO Winges claimed that he had already filed a disclosure against Anton Berends and should have marked Ms. Palmeri's U4, and that if she did not do as he directed, her license would also be marked.

51.  Plaintiff later learned that Winges' statement about marking Anton Berendes' U4 with an adverse violation was false as per Brokercheck and from Ms. Carlton.

52.  CEO Winges recruited Ms. Palmeri's replacement "CE" from UBS and met with him prior to meeting Ms. Palmeri that same night.

53.  As a result of Winges' discriminatory and retaliatory actions, Ms. Palmeri felt her job was threatened as one of the few female directors and long tenured employees. She felt demeaned, targeted, and forced out of a company she had remained loyal and steadfast to continue her successful career to retirement.

54.  Immediately following the meeting, Ms. Palmeri felt compelled to inform Hilltop's HR and Executive Management of CEO Winges' mistreatment of her and her formed separation. Typically, Hilltop's policy was for HR to be aware of terminations and material changes in terms and conditions of employees prior to informing the employee.

55.  On August 19, 2021, Ms. Palmeri advised Hilltop of her forced resignation in writing pursuant to Section 2.d of the Garden Leave Agreement between the Company and Hilltop requiring her to provide 30 days' notice.

9

56. On August 19, 2021, Ms. Palmeri provided reasons, *inter alia*, for her resignation as follows:

**"Specifically, [my] direct boss Brad Winges recently made very inappropriate and unwarranted comments to me while he defamed my reputation and threatened [my] job and livelihood. His bullying tactics were both unjustified and inexcusable, especially considering I am currently having my best professional year in over a decade after being at the Company for thirty years."**

57. Following her written complaint, Hilltop's CEO, executive management or HR failed to remedy her complaints despite having 30 days to do so and knowledge of her engaging in protected activity.

58. By reason of Defendants' acts, Plaintiff has suffered significant loss of earnings, experienced physical and emotional damages including symptoms of physical and emotional distress, sleeplessness, stomach and gastric issues, and anxiety related to her hostile work environment, the loss of opportunity, and retaliation all resulting from Defendant Winges' continuing and pervasive harassment, abuse, and retaliation against Ms. Palmeri.

## COUNT ONE
### NEW JERSEY LAW AGAINST DISCRIMINATION, N.K.S.A 10:5-1, *et seq.*
### Gender Discrimination Based on Disparate Treatment in Terms and Conditions

59. Ms. Palmeri repeats and realleges the allegations in the preceding paragraphs as if fully set forth herein.

60. Based on Defendant Winges' aforementioned acts, Defendants Hilltop by their employees, agents and/or servants, permitted and/or caused unlawful behavior,

10

including, without limitation, discrimination against Plaintiff on the basis of sex in violation of NJLAD.

61.   Defendant Winges' discriminatory acts consisted of, but was not limited to, ignoring Plaintiff and her team, failing to support Plaintiff and her team, failing to invest in her stock loan division while investing in a male director's fixed income division, failing to appoint her as a member of his executive team or board, refusing to accommodate her remote schedule during COVID, retaliating against her for her insistence on equal terms and conditions of her male counterparts and complaints of disparate adverse treatment in payment of commissions and other terms to target and disadvantage her in hopes she would fail and/or resign, making inappropriate and unwarranted comments, defaming Plaintiff's reputation, threatening marking Plaintiff's U4, and threatening Plaintiff's job and livelihood. As a result, Plaintiff was demeaned, devalued, embarrassed, intimidated, anxious, humiliated, and fearful of losing her career she worked tirelessly to build.

62.   Defendant Winges' actions constituted unlawful discrimination, and such discrimination was permitted, condoned, overlooked, or ignored by Defendants Hilltop.

63.   Defendants Hilltop are liable under the doctrine of *respondeat superior* for the above-described unlawful acts of Defendant Winges, who acted within the scope of his employment.

64.   By reason of Defendants' acts, Plaintiff suffered damages, including without limitation, deprivation of income and benefits, loss of opportunity for advancement and promotion, severe emotional distress, harm to her reputation, and

11

punitive damages.

65. Defendants' conduct is outrageous and malicious, was intended to injure Plaintiff and was carried out with reckless indifference to Plaintiff's protected civil rights, thereby entitling her to punitive damages.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants on this Count, together with compensatory relief, all remedies available under CEPA, punitive damages, pre-and post-judgment interest, attorneys' fees and costs of suit, and for such other relief that the Court deems equitable and just.

<u>COUNT TWO</u>
**NEW JERSEY LAW AGAINST DISCRIMINATION, N.J.S.A 10:5-1, *et seq.***
**Hostile Work Environment Based on Sex Discrimination**

66. Ms. Palmeri repeats and realleges the allegations in the preceding paragraphs as if fully set forth herein.

67. Based on Defendant Winges' aforementioned acts, Defendants Hilltop by their employees, agents and/or servants permitted and/or caused unlawful behavior, including, without limitation, creating and subjecting Plaintiff to a hostile work environment the basis of sex in violation of NJLAD.

68. Such hostile work environment created by Defendant Winges consisted of, but was not limited to, ignoring Plaintiff and her team, failing to support Plaintiff and her team, failing to invest in her stock loan division while investing in a male director's fixed income division, failing to appoint her as a member of his executive team or board, refusing to accommodate her remote schedule during COVID, retaliating against her for her insistence on equal terms and conditions of her male counterparts and complaints of

12

disparate adverse treatment in payment of commissions and other terms to target and disadvantage her in hopes she would fail and/or resign, making inappropriate and unwarranted comments, defaming Plaintiff's reputation, threatening marking Plaintiff's U4, and threatening Plaintiff's job, and livelihood. As a result, Plaintiff was demeaned, devalued, embarrassed, intimidated, anxious, humiliated, depressed, and fearful of losing her career she worked tirelessly to build.

69.  Defendant CEO Winges treated his male employees with greater respect, support and more favorable terms and conditions and she did not impose the same or similar.

70.  Defendant Winges' actions constituted unlawful sex discrimination, harassment and intimidation and such harassment, discrimination, and intimidation rose to the level of a hostile work environment and was permitted, condoned, overlooked, or ignored by Defendants, Hilltop.

71.  Prior to the subject events, other female Hilltop employees working complained of harassment and discrimination to Hilltop's Human Resources they were subjected to by Winges, and nothing was done to remedy, alleviate and/or improve the discriminatory treatment in the workplace.

72.  Defendants, Hilltop are liable under the doctrine of *respondeat superior* for the above-described unlawful acts of Defendant, Winges, who acted within the scope of his employment.

73.  By reason of the Defendants' unlawful acts, Plaintiff was subjected to a hostile work environment that was severe and pervasive.

13

74. By reason of the Defendants' unlawful acts, Plaintiff suffered damages, including without limitation, deprivation of income and benefits, loss of opportunity for advancement and promotion, severe emotional distress and damage to her reputation.

75. Defendants' conduct is outrageous and malicious, was intended to injure Plaintiff and was carried out with reckless indifference to Plaintiff's protected civil rights, thereby entitling her to punitive damages.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants on this Count, together with compensatory relief, all remedies available under NJLAD, punitive damages, pre-and post-judgment interest, attorneys' fees and costs of suit, and for such other relief that the Court deems equitable and just.

## COUNT THREE
### NEW JERSEY LAW AGAINST DISCRIMINATION, N.J.S.A 10:5-1, *et seq.*
### Age Discrimination Based on Disparate Treatment

76. Ms. Palmeri repeats and realleges the allegations in the preceding paragraphs as if fully set forth herein.

77. Based on Defendant Winges' aforementioned acts, Defendants, Hilltop by their employees, agents and/or servants, permitted and/or caused unlawful behavior, including, without limitation, discrimination against Plaintiff on the basis of age.

78. Such age discrimination by Defendant Winges consisted of, but was not limited to, replacing Plaintiff with a younger, less experienced male, who was more than a decade younger than Plaintiff. Defendant Winges demanded that Ms. Palmeri train the replacement and then tolerate her termination without complaint. Plaintiff was demeaned, devalued, embarrassed, intimidated, and humiliated. Plaintiff was fearful of

14

losing her career.

79.    Defendant Winges' actions constituted unlawful age discrimination and such discrimination was permitted, condoned, overlooked, or ignored by Defendants Hilltop despite notice and opportunity to remedy same.

80.    Defendants Hilltop are liable under the doctrine of *respondeat superior* for the above-described unlawful acts of Defendant Winges, who acted within the scope of his employment.

81.    By reason of the Defendants' illegal acts, Plaintiff suffered damages, including, without limitation, deprivation of income and benefits, loss of opportunity for advancement and promotion, severe emotional distress, and damage to reputation.

82.    Defendants' conduct is outrageous and malicious, was intended to injure Plaintiff and was carried out with reckless indifference to Plaintiff's protected civil rights, thereby entitling her to punitive damages.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants on this Count, together with compensatory relief, all remedies available under CEPA, punitive damages, pre-and post-judgment interest, attorneys' fees and costs of suit, and for such other relief that the Court deems equitable and just.

## COUNT FOUR
### NEW JERSEY LAW AGAINST DISCRIMINATION, N.J.S.A 10:5-1, *et seq.*
### Hostile Work Environment Based on Age Discrimination

83.    Plaintiff repeats and realleges the allegations in the preceding paragraphs as if fully set forth herein.

84.    Based on Defendant Winges' aforementioned acts, Defendants, Hilltop by

15

their employees, agents and/or servants permitted and/or caused unlawful behavior, including, without limitation, creating a hostile work environment for Plaintiff on the basis of age in violation of NJLAD.

85.   Such hostile work environment created by Defendant Winges consisted of, but was not limited to, replacing Plaintiff with a younger, less experienced male who is more than a decade younger than Plaintiff. Winges demanded that Ms. Palmeri train the replacement and then tolerate her termination without complaint. Winges' behavior demeaned, devalued, embarrassed, intimidated and humiliated Plaintiff, and as a result, made Plaintiff fearful of losing her career.

86.   Defendant Winges' actions constituted unlawful age discrimination, harassment and intimidation and such harassment, discrimination, and intimidation rose to the level of a hostile work environment and was permitted, condoned, overlooked, or ignored by Defendants Hilltop.

87.   Defendants Hilltop are liable under the doctrine of *respondeat superior* for the above-described unlawful acts of Defendant Winges, who acted within the scope of his employment.

88.   By reason of the Defendants' employee's discriminatory and harassing acts, Plaintiff was subjected to a hostile work environment that was severe and pervasive.

89.   By reason of the Defendants' acts, Plaintiffs suffered damages, including without limitation, deprivation of income and benefits, loss of opportunity for advancement and promotion, severe emotional distress, personal injuries.

16

90.   Defendants' conduct is outrageous and malicious, was intended to injure Plaintiff and was carried out with reckless indifference to Plaintiff's protected civil rights, thereby entitling her to punitive damages.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants on this Count, together with compensatory relief, all remedies available under NJLAD, punitive damages, pre-and post-judgment interest, attorneys' fees and costs of suit, and for such other relief that the Court deems equitable and just.

## COUNT FIVE
### NEW JERSEY LAW AGAINST DISCRIMINATION, N.J.S.A 10:5-1, *et seq.*
### Retaliation and Wrongful Termination

91.   Plaintiff repeats and realleges the allegations in the preceding paragraphs as if fully set forth herein.

92.   Defendants discharged Plaintiff's employment due to her sex and age and in retaliation of her complaints and engaging in protected activity. Defendants' wrongful discharge of Plaintiff was retaliatory and constituted an adverse employment action that materially and adversely changed the overall terms and conditions of her employment in violation of the NJLAD.

93.   Defendants Hilltop are liable under the doctrine of *respondeat superior* for the above-described unlawful acts of Defendant Winges, who acted within the scope of his employment.

94.   As a result of Defendants' wrongful discharge, Plaintiff suffered damages including, without limitation, deprivation of income and benefits, loss of opportunity for advancement and promotion, emotional pain, suffering, inconvenience, mental anguish,

17

personal injuries, humiliation and damage to reputation and career.

95.    Defendants' conduct is outrageous and malicious, was intended to injure Plaintiff and was carried out with reckless indifference to Plaintiff's protected civil rights, thereby entitling her to punitive damages.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants on this Count, together with compensatory relief, all remedies available under CEPA, punitive damages, pre-and post-judgment interest, attorneys' fees and costs of suit, and for such other relief that the Court deems equitable and just.

## COUNT SIX
### NEW JERSEY LAW AGAINST DISCRIMINATION, N.J.S.A 10:5-12(e), *et seq.*
### Aiding and Abetting Against Individual Defendant Brad Winges

96.    Plaintiff incorporates below all facts alleged in the preceding paragraphs as if fully set forth herein.

97.    As a result of the foregoing, the individual Defendant, CEO Winges and his employer, Defendants, Hilltop aided, abetted, incited, compelled and coerced acts forbidden under the New Jersey Law Against Discrimination, §10:5-12(e) *et seq.*

98.    As a result of Defendants' illegal conduct against her, Plaintiff has suffered damages, including, without limitation, deprivation of income and benefits, loss of opportunity for advancement and promotion, severe emotional distress, personal injuries, pain, suffering, mental anguish, humiliation and damage to reputation and career.

18

99. Defendants' conduct is outrageous and malicious, was intended to injure Plaintiff and was carried out with reckless indifference to Plaintiff's protected civil rights, thereby entitling her to punitive damages.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants on this Count, together with compensatory relief, all remedies available under NJLAD, punitive damages, pre-and post-judgment interest, attorneys' fees and costs of suit, and for such other relief that the Court deems equitable and just.

## COUNT SEVEN
### RETALIATION IN VIOLATION OF NEW JERSEY CONSCIENTIOUS EMPLOYEE PROTECTION ACT ("CEPA") N.J.S.A. 34:19-1 *et seq.*

100. Plaintiff repeats each and every allegation set forth above as if set forth fully herein at length.

101. At relevant times described herein, Plaintiff complained of Defendants' unlawful behavior and actions Plaintiff reasonably believed were contrary to public policy.

102. Defendants had knowledge of Plaintiff's complaints and/or protests.

103. As a direct result of Plaintiff raising complaints, Defendants took retaliatory action against Plaintiff by subjecting her to a hostile work environment, disparate treatment, and adverse employment outcomes including termination and failed and refused to pay her earned commissions, despite due demand thereof.

104. Defendants are vicariously, strictly, and/or directly liable to Plaintiff for their actions in violation of CEPA, pursuant to N.J.S.A. 34:19-1, *et seq.*

105. As a proximate result of the aforementioned acts and omissions set forth

19

herein, Plaintiff has sustained significant damages.

106. Defendants' conduct is outrageous and malicious, was intended to injure Plaintiff and was carried out with reckless indifference to Plaintiff's protected civil rights, thereby entitling her to punitive damages.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants on this Count, together with compensatory relief, all remedies available under CEPA, punitive damages, pre-and post-judgment interest, attorneys' fees and costs of suit, and for such other relief that the Court deems equitable and just.

## COUNT EIGHT
### THE NEW JERSEY EQUAL PAY ACT N.J.S.A. 34:11-56.3
### Failure to Pay Commissions

107. Plaintiff repeats each and every allegation set forth above as if set forth fully herein at length.

108. At relevant times described herein, Defendants involuntarily imposed material adverse terms and conditions of employment after nearly thirty years of employment and without proper notice, opportunity for legal counsel review or consideration to support or justify such detrimental imposition of terms.

109. Defendants treated Plaintiff less favorably than her male counterparts by unilaterally imposing such adverse terms with respect to compensation, benefits and career opportunity.

110. Defendants failed to provide equal treatment and protection of Plaintiff's terms and conditions with respect to compensation, benefits and career opportunity compared to her male counterparts in violation of New Jersey's Equal Pay Act.

20

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants on this Count, together with compensatory relief, all remedies available under New Jersey's Equal Pay Act, punitive damages, pre-and post-judgment interest, attorneys' fees and costs of suit, and for such other relief that the Court deems equitable and just.

## COUNT NINE
### AGREEMENTS BY EMPLOYER WITH EMPLOYEE N.J.S.A. 34:11-4.7 and 4.8
### Failure to Pay Commissions

111.  Plaintiff repeats each and every allegation set forth above as if set forth fully herein at length.

112.  At relevant times described herein, pursuant to agreement with Plaintiff, Defendants failed to pay commissions due to her.

113.  By reason of Defendants' acts, Plaintiff suffered economic damages.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants on this Count, together with compensatory relief, pre-and post-judgment interest, attorneys' fees and costs of suit, and for such other relief that the Court deems equitable and just.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lisa Palmeri requests the following relief:

1.      Compensatory damages for economic losses, emotional pain and suffering, mental anguish, humiliation, and loss of reputation and opportunity, reimbursement for lost commissions, bonuses, health benefits, 401K contributions, social security, experience, training opportunities, and other benefits; in an amount to be proved at trial;

2.      Liquidated damages in an amount to be awarded at trial;

3.      Punitive damages in an amount to be awarded at trial;

4.      Attorneys' fees, costs and disbursements;

5.      Interest; and

6.      Such additional relief to Plaintiff as the Court deems just and proper.


Dated: New York, New York
      August 17, 2022

            THE CLANCY LAW FIRM, P.C.

            By: */s/ Donna H. Clancy*
            Donna H. Clancy, Esq.
            40 Wall Street, 61st Floor
            New York, New York 10005
            (212) 747-1744
            Attorneys for Plaintiff
            *Lisa Palmeri*

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues triable of right to a jury.

Dated: New York, New York
   August 17, 2022

         THE CLANCY LAW FIRM, P.C.

         By: */s/ Donna H. Clancy*
         Donna H. Clancy, Esq.
         40 Wall Street, 61st Floor
         New York, New York 10005
         (212) 747-1744
         Attorneys for Plaintiff
         *Lisa Palmeri*

## DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE** that pursuant to Rule 4:25-4, attorney DONNA H. CLANCY, is hereby designated as trial counsel for PLAINTIFF LISA PALMERI in this matter.

Dated: New York, New York
      August 17, 2022

                      THE CLANCY LAW FIRM, P.C.
                      By: */s/ Donna Clancy*
                      Donna H. Clancy, Esq.

## CERTIFICATION OF NO OTHER ACTIONS

Pursuant to Rule 4:5-1(b)(2), it is hereby stated that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding to the best of our knowledge or belief. Also, to the best of our belief, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, we know of no other parties that should be joined in the above action. In addition, we recognize the continuing obligation of each party to file and serve on all parties and the court an amended certification if there is a change in the facts stated in this original certification.

Dated: New York, New York
         August 17, 2022

THE CLANCY LAW FIRM, P.C.

By: /s/ *Donna Clancy*
Donna H. Clancy, Esq.

25